## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Thomas Arnett,**
**Petitioner Below, Petitioner**

**FILED**

October 21, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs) **No. 12-1441** (Harrison County 11-C-514)

**Marvin Plumley, Warden,**
**Huttonsville Correctional Center,**
**Respondent Below, Respondent**

### MEMORANDUM DECISION

Petitioner Thomas Arnett, by counsel Daniel Cooper and Jamison Cooper, appeals the Circuit Court of Harrison County's order entered on November 13, 2012, denying his petition for writ of habeas corpus. Respondent Warden Marvin Plumley, by counsel Marland Turner, filed a response in support of the circuit court's decision. On appeal, petitioner suggests that the circuit court should reconsider its precedent as it pertains to each of the following issues: petitioner's motivation to enter a guilty plea, trial counsel's responsibility to pursue an appeal, the voluntariness of petitioner's confession, the prosecutor's handling of evidence that petitioner deems "helpful" but not exculpatory, and the effectiveness of petitioner's counsel.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted in 2008 on one count of first degree sexual assault in violation of West Virginia Code § 61-8B-3, five counts of sexual abuse by a parent, guardian, custodian or person in a position of trust in violation of West Virginia Code § 61-8D-5, and four counts of first degree sexual abuse in violation of West Virginia Code § 61-8B-7. He pled guilty to one count of sexual abuse by a parent, guardian, custodian or person in a position of trust and in 2009 was sentenced to a term of incarceration of ten to twenty years. Pursuant to the terms of his plea agreement, the circuit court dismissed the remaining charges.

In December of 2011, petitioner filed a petition for writ of habeas corpus and was appointed counsel. Following a status hearing on February 28, 2012, the circuit court directed petitioner to file a "Losh List"[1] and a supplemental petition for writ of habeas corpus. Accordingly, petitioner filed the required supplemental documents. The circuit court conducted

---

[1]The checklist of grounds typically used in habeas corpus proceedings, commonly known as "the Losh list," originates from *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981). Petitioner did not include his "Losh List" in the appendix.

1

an omnibus evidentiary hearing, following which it denied petitioner's petition for writ of habeas corpus by order entered on November 13, 2012. It is from this order that petitioner appeals.

On appeal, petitioner argues that this Court should reconsider its prior holdings and well-established precedent in the five particular areas asserted above, but condenses his argument into three sections. First, Petitioner argues that his confession was involuntary and coerced because the investigating officer promised him that he would only serve "a couple of years" in prison and because the State allowed him to be placed in custody with other inmates who assaulted and battered him. Second, petitioner argues that the prosecuting attorney withheld evidence by not disclosing that DNA evidence was not found on the victim, and he suggests that we extend *Brady v. Maryland*, 373 U.S. 83 (1963), to apply to "helpful" evidence. Finally, petitioner argues that he received ineffective assistance of counsel during the plea process and for counsel's failure to pursue a direct appeal.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

The record in this case is insufficient to address the merits of petitioner's claims. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that petitioner's brief contain an argument demonstrating clearly the points of fact and law presented. That rule also requires that such argument "contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal." Petitioner's brief in this instance is wholly unsupported by evidence in that it is completely devoid of appropriate and specific citations as contemplated by our rule. [2]

Furthermore, as this Court previously found, "[a] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim. . . . Judges are not like pigs, hunting for truffles buried in briefs." *State v. Kaufman*, 227 W.Va. 537, 555 n.39, 711 S.E.2d 607, 625 n.39 (2011) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)). It is a petitioner's burden to show the error in judgment of which he complains. *See* Syl. Pt. 2, *WV Dept. of Health & Human Res. Employees Fed. Credit Union v. Tennant*, 215 W.Va. 387, 599 S.E.2d 810

---

[2]The brief is also non-compliant in that it does not contain the required table of contents or table of authorities. Additionally, petitioner's appendix does not include a certification page or table of contents as required by Rule 7 of the West Virginia Rules of Appellate Procedure.

(2004). There is no legal argument set forth on petitioner's assignments of error beyond the suggestion that this Court should reconsider its well-established precedent. We agree with respondent's position that petitioner's brief falls short of the requirements of Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure; his less-than-skeletal arguments do not preserve his claims. The Court finds no error in the circuit court's order denying habeas relief and sees no reason under the facts of this case to overturn well-established precedent.[3]

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 21, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[3]We note that petitioner's brief – a brief in which he asks us to deviate from or modify long-standing principles of law – is only six pages long, and the only content of the sixth page is counsel's signature. There are no citations to meaningful evidence. In fact, counsel did not even include a transcript of the omnibus hearing. This is particularly egregious because petitioner, without evidentiary support, claims that a named state trooper lied to secure his confession and that trial counsel told him to "forget the truth . . . ." Accusations such as these, if foundation exists, deserve more than unsupported, conclusory treatment. The legal authority for petitioner's position is minimal, and he fails to convey any hint of a reason that he was not adequately protected by existing jurisprudence. Petitioner asks generally that we consider "prior rulings" without identifying any particular case.